**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **QUALUS CORP.**, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:23-cv-352<br>JUDGE DOUGLAS R. COLE |
| **BRIAN WILSON**, | |
| Defendant. | |

## OPINION AND ORDER

Non-party RESA Power LLC is Defendant Brian Wilson's new employer. Wilson's former employers, Plaintiffs Qualus Corporation and Qualus Services, LLC (collectively Qualus), claim his employment at RESA violates a non-competition agreement Wilson signed while at Qualus. Recently, Wilson and Qualus agreed to a preliminary injunction governing Wilson's conduct while this suit is pending. (Stipulation and Agreed Prelim. Inj. (SPI), Doc. 11). RESA now seeks to intervene claiming that the agreed injunction impacts its rights as Wilson's current employer. (Mot. to Intervene, Doc. 13). Qualus opposes that intervention. (Resp., Doc. 16). For the reasons discussed below, the Court **GRANTS** RESA's Motion to Intervene (Doc. 13).

## BACKGROUND

Qualus sued Wilson alleging he stole its trade secrets and is currently violating non-competition and non-solicitation covenants that bind him. (Compl., Doc. 2, #2). According to Qualus, Wilson served as Vice President of Business Development at

Qualus Services beginning on June 12, 2021. (*Id.* at #5, 9). In that role, Plaintiffs allege that he worked on business strategy development and gained access to confidential business information, including the names of 15,000 clients and targets. (*Id.* at #5, #12). In connection with his employment, Wilson signed an Agreement containing confidentiality, non-competition, and non-solicitation provisions. (*Id.* at #6–8; *see also* Doc. 2-1).

The parties agree that Wilson resigned from Qualus on July 18, 2022. (Doc. 2, #9; Answer, Doc. 12, #105). They disagree about whether that resignation was effective on July 30 or August 19. (Doc. 2, #9; Doc. 12, #105). Either way, shortly after Wilson left Qualus, he began working as Vice President of Planning at RESA. (Doc. 2, #10; Doc. 12, #101). Qualus claims that, when it contacted him in September 2022, Wilson assured Qualus that he was not violating the Agreement and had returned all trade secret information. (Doc. 2, #10). But according to Qualus that was not true. Rather, Wilson had used his Qualus email to forward "highly sensitive" information to his personal email three days before he resigned. (*Id.* at #10–11). They also allege that Wilson has solicited at least one former employee, Dan Eckman, to work for Qualus in direct violation of his non-solicitation agreement. (*Id.* at #11).

Qualus sued on June 8, 2023. (Doc. 2). That same day, it filed a Motion for Preliminary Injunction (Doc. 3) and a Motion for Expedited Discovery (Doc. 4). On June 20, the Court held a telephone conference to discuss those motions. During that call, the parties requested a couple of weeks to explore an agreed preliminary injunction, which the Court allowed. (6/20/23 Min. Entry). On July 6, 2023, the

parties filed the proposed stipulation and agreed preliminary injunction (Doc. 10). The Court entered that injunction on July 11. (Doc. 11). The Court then denied the Motion for Expedited Discovery as moot. (7/11/23 Not. Order).

RESA filed the instant Motion to Intervene on August 1. (Doc. 13). In the Motion, RESA argues that it needs to intervene to protect its business interests, which it argues are inadequately represented by the existing parties and have already been affected by the SPI. (*Id.* at #115). Qualus filed an opposition (Doc. 16), and RESA has since replied in support of its Motion. (Doc. 17). The matter is now ripe for review.

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 24 governs motions to intervene. *Cahoo v. SAS Inst., Inc.*, 71 F.4th 401, 412 (6th Cir. 2023). Rule 24 allows for two types of intervention: intervention as of right and permissive intervention. Fed. R. Civ. P. 24. RESA seeks intervention as of right under Rule 24(a)(2). (Doc. 13, #118). It has not argued for permissive intervention in the alternative.

Before moving to the merits, the Court must first assess timeliness, as timeliness is a requirement for granting either type of intervention. *Cahoo*, 71 F.4th at 414. Timeliness is based on five factors: "(1) the stage of the litigation, (2) the intervenor's purpose, (3) the length of time that the intervenor knew about her interest, (4) prejudice to the original parties, and (5) unusual circumstances." *Id.* at 412 (internal citation omitted). RESA argues that its Motion is timely (Doc. 13, #119–20), and Qualus does not contest that (*see* Doc. 16).

3

The Court agrees the motion is timely. First, the lawsuit is only a couple of months old. Second, RESA seeks to intervene to protect its business interests that the SPI has affected. The Sixth Circuit has found that a purpose for intervention was proper where it was "clear and legitimate." *Salem Pointe Cap., LLC v. BEP Rarity Bay, LLC*, 854 F. App'x 688, 697 (6th Cir. 2021). RESA's Motion to Intervene satisfies this framework. The purpose is "clear," rather than speculative, because the Court has already entered the SPI. It is also legitimate because the business activities at issue are important for RESA's core business. *See id.* at 696 ("In considering this factor, district courts should look to the importance of the legal interests asserted." (cleaned up)). Third, RESA has known about its interest, and in particular the impact that the SPI may have, for a matter of only a few weeks. Finally, there is no "established list of additional factors" to consider as part of the fifth timeliness factor. *Id.* at 700 (citation omitted). However, the restrictions the SPI places on Wilson's activities in his capacity as an employee of RESA strike the Court as an unusual circumstance. Therefore, the Motion to Intervene is timely.

The Court must then consider whether to grant it. As noted, Rule 24(a) governs intervention as of right. Under that rule, a court "must permit" intervention if the movant (1) has an "unconditional right to intervene" under a federal statute or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Either element will suffice

4

for courts to grant intervenor status as of right. Determining whether a movant has a substantial legal interest "is necessarily fact-specific." *Coal. to Def. Affirmative Action v. Granholm*, 501 F.3d 775, 780 (6th Cir. 2007) (citation omitted).

Rule 24(b), on the other hand, governs permissive intervention. Under that rule, a court may grant intervenor status to a movant who either (1) has a "conditional right to intervene" under a federal statute or (2) "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Granting a motion for permissive intervention is discretionary, not compulsory. "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

RESA has not invoked a statutory right in support of its motion to intervene as of right. Rather, it seeks such intervention based on a substantial interest in its business activities. RESA argues that the SPI hinders its ability to do business because it "necessarily will be in active concert and participation with Wilson" as his employer, and thus will be bound by the SPI's terms. (Doc. 13, #121–22). It also says that it "[can]not know[] whether customers and distributor networks it might contact, or business strategies it might pursue" are prohibited under the SPI. (Doc. 17, #171). Additionally, it objects that the SPI limits its ability "to deploy Wilson in a role in which he might compete with Qualus now that any non-compete covenant has expired." (*Id.*). Qualus rebuts these points by arguing that RESA's interpretation of the SPI language is overbroad. (Doc. 16, #158, 161–64).

5

This is a close call. "[T]he applicant for intervention must have a direct and substantial interest in the litigation, such that it is a real party in interest in the transaction which is the subject of the proceeding." *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 372 (6th Cir. 2014) (cleaned up). RESA's claims that its business activities may be impacted arguably fall short of this threshold. The SPI binds RESA only if it is acting "in active concert or participation with [Wilson]" and it can freely conduct other aspects of its business. (Doc. 11, #98). Case law sufficiently defines the contours of "in concert and participation" so that any improper infringement on RESA's activities is unlikely. At the same time, RESA is correct that the SPI will impact how it can employ Wilson, even though the specified non-competition period (one year) has passed, which strikes the Court as potentially a substantial interest. *See, e.g.*, *INVESCO Institutional (N.A.), Inc. v. Paas*, Case No. 3:07-cv-175-R, 2008 WL 4858210 (W.D. Ky. Nov. 7, 2008) (allowing new employer to intervene as of right in trade secret/non-solicitation case between employees and former employer).

The Court concludes that it need not reach the issue, though, as RESA's arguments clearly support permissive intervention under Rule 24(b). While RESA did not move under that provision, district courts in this circuit have considered permissive intervention even where a movant does not directly raise it as an alternative argument. *Cf. Atlas Noble, LLC v. Krizman Enters.*, 692 F. App'x 256, 269 (6th Cir. 2017) ("Although his motion to intervene did not directly raise it, the district court also refused to allow [movant] permissive intervention."); *Siding & Insulation*

6

*Co. v. Beachwood Hair Clinic, Inc.*, No. 1:11-cv-01074, 2012 WL 645996, at *2 (N.D. Ohio Feb. 28, 2012) ("Finally (and despite Acuity's failure to raise the issue) the Court considers permissive intervention under Rule 24(b)(1)(B)." (emphasis omitted)). District courts outside this circuit have handled the issue similarly. *E.g.*, *Linkous v. Am. Alternative Ins. Corp.*, No. 7:11-cv-278, 2011 WL 4894233, at *1 n.1 (W.D. Va. Oct. 13, 2011) ("Typically, motions to intervene argue both intervention as of right and permissive intervention. Thus, the Court will *sua sponte* raise the issue of permissive intervention and analyze both intervention as of right and permissive intervention[.]"); *see Cooper v. Borough of Wenonah*, 977 F. Supp. 305, 311 (D.N.J. 1997) (allowing permissive intervention without any motion to intervene at all). Given the case law from both within and outside this circuit, this Court concludes that it may consider permissive intervention in this case.

A court may allow any party to intervene who has a claim or defense that "shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). District courts in this circuit have analyzed this requirement in one of two ways. The first focuses on whether the intervenor's proposed claims and the parties' claims require interpretation of the same documents, statutes, or constitutional provisions. *E.g.*, *Sparks v. Fitzhugh*, No. 1:22-cv-00638, 2023 WL 3611462, at *6 (N.D. Ohio May 24, 2023) (finding a common question where the proposed claims and underlying action both required interpreting an employment agreement); *Bay Mills Indian Cmty. v. Snyder*, No. 1:11-cv-729, 2017 WL 7736934, at *4 (W.D. Mich. Mar. 8, 2017), *aff'd*, 720 F. App'x 754 (6th Cir. 2018) (finding no common question where the

7

underlying lawsuit required interpreting a statute and the proposed claims required interpreting an unrelated gaming agreement). The second involves looking at whether allowing intervention will force the court to resolve issues collateral to the underlying lawsuit. *E.g.*, *A.W. v. Red Roof Inns, Inc.*, No. 2:21-cv-4934, 2023 WL 5029174, at *4 (S.D. Ohio Aug. 8, 2023) (finding no common question of law or fact where the proposed claim would require a "separate inquiry" from the underlying lawsuit); *Lexington Ins. Co. v. Ambassador Grp., LLC*, No. 3:20-cv-00330-DJH-LLK, 2020 WL 9351269, at *2 (W.D. Ky. Sept. 17, 2020) (finding a common question where all the claims "revolve[d] around" the same types of allegedly fraudulent behavior).

RESA's proposed intervention here satisfies both formulations. The "main action" (between Qualus and Wilson) primarily involves the interpretation of the Agreement and the restrictions it imposes on Wilson. Qualus relies solely on the Agreement both for its requested preliminary injunctive relief (which the Court implemented through the agreed SPI) and for the permanent injunction it seeks. RESA, as Wilson's current employer, and thus the entity that must either live with any restrictions in Wilson's allowed activities or terminate his employment, has a clear interest in how that same document is interpreted. That interest, which arises from interpreting the same document, counts in favor of allowing RESA to intervene. *Sparks*, 2023 WL 3611462, at *6. Additionally, because the proposed claims are based on that common issue, allowing RESA to intervene will not require the Court to resolve collateral issues in a "separate inquiry." *A.W.*, 2023 WL 5029174, at *4. The only questions of interest to any of these parties are the obligations that the

8

Agreement imposes and whether Wilson has abided by them during his employment with RESA. Lastly, the other factor that the Court must consider—undue delay or prejudice—does not counsel otherwise. Given that Qualus only recently filed this case, allowing RESA to intervene will not bog down litigation that has already progressed substantially.

In sum, it is not clear that RESA can intervene as of right. But RESA does have "a claim or defense that shares with the main action a common question of law or fact," and its intervention will not cause prejudice or undue delay to the existing parties. Therefore, the Court will exercise its discretion to permit RESA to intervene under Federal Rule of Civil Procedure 24(b).

## CONCLUSION

For the above reasons, the Court **GRANTS** RESA's Motion to Intervene. (Doc. 13).

**SO ORDERED.**

September 6, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**